UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

NOV 15 2013



BRENDA DOBY,

    Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., AND MIDLAND FUNDING, LLC

    Defendants.

Case No.

**2 13CV 415**

Judge _____

**COMPLAINT**

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Brenda Doby ("Plaintiff") is a natural person who at all relevant times resided in the State of Indiana, County of Lake, and City of Gary.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Midland Credit Management, Inc. ("MCM") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. MCM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Midland Funding, LLC ("Midland Funding") is a Delaware corporation, with its principal place of business in San Diego, California.

9. Midland Funding is engaged in the business of taking title to and collecting delinquent debts originally owed to third parties.

10. Midland Funding, at all relevant times, was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Midland Funding is "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. MCM is a manager and servicer of defaulted consumer debt portfolios for debt buyers, including Midland Funding, and performs collection services on their behalf.

## FACTUAL ALLEGATIONS

13. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due to a creditor other than Midland Funding—namely, an alleged debt owed to Dell Financial Services (the "Debt").

14. Midland Funding and MCM (collectively "Defendants") acted jointly and in concert to collect the Debt.

15. Midland Funding acquired the Debt when it was in default.

16. The Debt arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

17. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another.

18. On March 19, 2012, Dell Financial Services charged off the Debt at a balance of $2,763.81. (See Bill of sale, attached as Exhibit A).

19. Dell Financial Services ceased charging interest on the Debt after the date of charge-off.

20. Upon information and good-faith belief, it is Dell Financial Services' regular business practice to cease collecting interest on an account after charge-off, in order to reduce continued collection costs and reduce the amount of "bad debt" on its books.

21. Dell Financial Services waived its right to subsequently charge interest on the Debt.

22. After the date of charge-off, United Recovery Systems, itself and on behalf of Dell Financial Services, sent Plaintiff written communication dated April 12, 2012. (See April 12, 2012 Correspondence from United Recovery Systems, attached as Exhibit B).

23. The April 12, 2012 communication listed the "Amount Due" on the Debt as $2,763.81, the same balance the Debt had at charge-off one month earlier. (Exhibit B).

24. The April 12, 2012 communication did not state that interest was accruing on the Debt. (Exhibit B).

25. In October, 2012, Dell Financial Services sold the Debt to Midland Funding. (Exhibit A).

26. When Midland Funding purchased the Debt from Dell Financial Services, Midland Funding, as the alleged assignee, took all rights, title and interest of Dell Financial Services existing as of the date of sale.

27. In connection with the collection of the Debt, MCM, itself and on behalf of Midland Funding, sent Plaintiff initial written communication dated November 10, 2012 (the "Initial Communication"). (See November 10, 2012 Correspondence, attached as Exhibit C).

28. MCM's November 10, 2012 initial communication stated that the Debt had a current balance of $3,012.55, and was accruing interest at a rate of 15%. (Exhibit C).

29. MCM's November 10, 2012 initial communication falsely represented the character, amount, or legal status of debt, MCM had not right to charge interest on the Debt, and the Debt's balance was only $2,763.81.

30. MCM's November 10, 2012 initial communication further stated that if Plaintiff paid $500 and set up a payment payment plan to pay off the Debt, "[n]o additional interest will be charged on [the Debt]." (Exhibit C).

31. By stating that "no additional interest will be charged on [the Debt]" if Plaintiff pays off the Debt, Defendants would confuse the "least sophisticated consumer," since the least sophisticated consumer would assume that, if she did not pay off the Debt, that interest would accrue on the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## MCM

32. Plaintiff repeats and re-alleges each and every factual allegation contained above.

33. MCM violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt, including by representing that interest would accrue on the Debt if Plaintiff did not pay the Debt, when MCM had no legal right to charge such interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MCM violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, under 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, under 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action under 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)
## MCM

34. Plaintiff repeats and re-alleges each and every factual allegation contained above.

35. MCM violated 15 U.S.C. § 1692e(10), including by representing that interest would accrue on the Debt if Plaintiff did not pay the Debt, when MCM had no legal right to charge such interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that MCM violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, under 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, under 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action under 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

a) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## MIDLAND FUNDING

36. Plaintiff repeats and re-alleges each and every factual allegation contained above.

37. Midland Funding violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt, including by representing that interest would accrue on the Debt if Plaintiff did not pay the Debt, when Midland Funding had no legal right to charge such interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Midland Funding violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, under 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, under15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action under 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## MIDLAND FUNDING

38. Plaintiff repeats and re-alleges each and every factual allegation contained above.

39. Midland Funding violated 15 U.S.C. § 1692e(10), including by representing that interest would accrue on the Debt if Plaintiff did not pay the Debt, when Midland Funding had no legal right to charge such interest.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Midland Funding violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, under 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, under 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action under 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: November 8, 2013

Respectfully submitted,

_____
Marshall S. Meyers
Weisberg & Meyers, LLC
5025 N. Central Ave, #602
Phoenix, AZ 85012
MMeyers@AttorneysForConsumers.com
Telephone: (888) 595-9111 ext. 111
Facsimile: 565-1327 Fax
Attorneys for Plaintiff